# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 19-CR-0104-CVE |
| GORDON BOND STARKS, JR., | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is defendant Gordon Bond Starks, Jr.'s motion to suppress evidence (Dkt. # 10). On June 6, 2019, a grand jury returned an indictment (Dkt. # 2) charging defendant with possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). Defendant seeks to suppress evidence of illegal drugs recovered during the search of a black Chevrolet SUV parked in the driveway of 2103 East Tecumseh Street, Tulsa, Oklahoma on April 26, 2019, arguing that Tulsa Police Department (TPD) Officer Chris Turner padded the warrant affidavit with facts that were "made up on the spur of the moment." Dkt. # 10, at 8. Plaintiff filed a response (Dkt. # 12) to defendant's motion. On July 23, 2019, the Court issued an order (Dkt. # 14), finding that a suppression hearing is not necessary.

**I.**

Contrary to the assertions of both parties, three separate search warrants were issued by three separate magistrates on three separate days.[1] The Court reviews the facts related to each search warrant.

A. Search Warrant for 2033 East Tecumseh Street (Dkt. # 10-5)

On April 24, 2019, Officer Turner presented a search warrant affidavit to Tulsa County Special Judge Deborah Ludi Leitch, seeking to obtain a search warrant for 2033 East Tecumseh Street. Dkt. # 10-5. The affidavit asserts the following information.

Officer Turner has training and experience in the recognition of controlled dangerous substances. Id. at 1. Further, Officer Turner has interviewed numerous individuals involved in the use, manufacture, transportation, and sale of controlled dangerous substances, through which he has learned how such individuals maintain records and secret monies. Id. at 1-2.

In October 2017, a tipster contacted the TPD narcotics unit to inform officers that defendant was trafficking methamphetamine out of his residence at 2102 East Tecumseh Street, and that defendant and his wife Brenda routinely sell/traffic large amounts of methamphetamine and firearms from the residence. Id. at 2. In November 2017, Officer Shane Pryce conducted a utilities search

---

[1] In Oklahoma, special judges can act as magistrates to review search warrant applications and issue search warrants. The parties assert that, on April 25, 2019, Tulsa County Special Judge J. Anthony Miller issued search warrants for 2033 East Tecumseh Street and 2102 East Tecumseh Street, and that, on April 26, 2019, Tulsa County Special Judge April Seibert issued a search warrant for 2103 East Tecumseh Street. Defendant attached the warrants to his motion to suppress. Dkt. ## 10-1, 10-3, 10-5. Contrary to the parties' assertions, Tulsa County Special Judge Deborah Ludi Leitch issued the search warrant for 2033 East Tecumseh Street on April 24, 2019, Judge Seibert issued the search warrant for 2102 East Tecumseh Street on April 25, 2019, and Judge Miller issued the search warrant for 2103 East Tecumseh Street on April 26, 2019. Dkt. ## 10-1, at 3; 10-3, at 3; 10-5, at 3.

2

for 2102 East Tecumseh Street, which revealed up-to-date utilities in defendant's name. Id. In May 2018, Officer Pryce conducted a trash pull on 2102 East Tecumseh Street, which produced a vacuum sealed bag, a clear plastic bag with corners cut, and mail addressed to Brenda Starks. Id. Officer David Wamsley and his K-9 partner Loki, a state-certified K-9 team, conducted a free air sniff on several items recovered from the trash pull, resulting in a positive alert for the odor of narcotics coming from the vacuum sealed bag. Id.

In April 2019, a reliable confidential informant (RCI) contacted Officer Turner and told him about a person named "Gordon" living at 2102 East Tecumseh Street who was involved in trafficking methamphetamine. Id. Officer Turner asserts that the RCI is familiar with the appearance and sale of methamphetamine, and, on multiple occasions, has provided Officer Turner with information that led to methamphetamine-related charges being brought against the subjects. Id. Further, Officer Turner states that the "RCI has never provided false or misleading information to [Officer Turner] and all information provided in the past has been confirmed during warrant service." Id. In the week preceding the preparation of the warrant affidavit, Officer Turner conducted a controlled buy by giving the RCI money to purchase methamphetamine from defendant. Id. During the controlled buy, officers watched as the RCI met with a woman at a separate location. Id. After the meet, officers met with the RCI and recovered an amount of crystal substance, which later tested positive for methamphetamine. Id. Meanwhile, assisting officers maintained constant surveillance on the woman as she drove to, parked in front of, and entered the residence at 2102 East Tecumseh Street. Id. In the days prior to preparing the warrant affidavit, the RCI again spoke to defendant and/or the same woman from whom he or she had purchased the methamphetamine during

the controlled buy, and was prompted to purchase more methamphetamine from the woman and/or defendant at 2102 East Tecumseh Street. Id.

In his affidavit, Officer Turner asserts that the "RCI stated Gordon Starks secrets [sic] /stashes his methamphetamine, cash, and/or firearms **in the lot located at 2033 [East] Tecumseh Street**, - across the street from Starks' residence at 2102 [East] Tecumseh Street." Id. (emphasis added). Officer Turner conducted a records check within the 72 hours prior to preparing the affidavit, and discovered that the property located at 2033 East Tecumseh Street is owned by defendant. Id. Also within the 72 hours prior to preparing the warrant affidavit, Officer Turner conducted surveillance and observed the same vehicle observed/involved in the controlled buy, which was parked at 2102 East Tecumseh Street following the buy, parked at 2033 East Tecumseh Street. Id. Officer Turner conducted a records search and discovered that defendant has multiple felony convictions for possession of controlled drugs and possession with intent to distribute controlled drugs.

Judge Leitch issued the search warrant for 2033 East Tecumseh Street on April 24, 2019. Id. at 3. According to defendant, officers executed the warrant for 2033 East Tecumseh Street on April 26, 2019. Dkt. # 10, at 6. Plaintiff asserts that no evidence was recovered during the search of 2033 East Tecumseh Street. Dkt. # 12, at 17 n.1.

B. Search Warrant for 2102 East Tecumseh Street (Dkt. # 10-1)

On April 25, 2019, Officer Turner presented a search warrant affidavit to Tulsa County Special Judge April Seibert, seeking to obtain a search warrant for 2102 East Tecumseh Street. Dkt. # 10-1. The search warrant affidavit includes the same information as the affidavit for 2033 East Tecumseh Street, but it omits any information relating to 2033 East Tecumseh Street. Specifically,

the affidavit for 2102 East Tecumseh Street does not assert that the "RCI stated Gordon Starks secrets [sic] /stashes his methamphetamine, cash, and/or firearms in the lot located at 2033 [East] Tecumseh Street," that a records check revealed that defendant owns the property located at 2033 East Tecumseh Street, or that Officer Turner observed the same vehicle observed/involved in the controlled buy parked at 2033 East Tecumseh Street.

Moreover, the affidavit for 2102 East Tecumseh Street adds that, in the 72 hours prior to preparing the affidavit, Officer Turner conducted another utilities search for 2102 East Tecumseh Street, and learned that up-to-date utilities for that residence are still in defendant's name. Id. at 2. This information was excluded from the 2033 East Tecumseh Street affidavit.

Judge Seibert signed the search warrant for 2102 East Tecumseh Street on April 25, 2019. Id. at 3. On April 26, 2019, TPD officers, including Officer Turner, executed the search warrant for 2102 East Tecumseh Street. Dkt. # 10, at 6. During the search, officers found the house keys to 2103 East Tecumseh Street in defendant's front pocket. Id. Defendant freely stated that the keys were for the house across the street, and motioned to 2103 East Tecumseh Street. Id. In addition, during the search, Corporal Mike Griffin found keys and a key fob to a Chevrolet Equinox SUV. Id. at 6-7. When Corporal Griffin pressed the lock/unlock button on the key fob, the horn of the Equinox parked in the driveway of 2103 East Tecumseh sounded. Id. at 7-8. Neither party asserts that officers recovered any evidence of a criminal activity from 2102 East Tecumseh Street.

C. Search Warrant for 2103 East Tecumseh Street (Dkt. # 10-3)

On April 26, 2019, Officer Turner presented a search warrant affidavit to Tulsa County Special Judge J. Anthony Miller, seeking to obtain a search warrant for 2103 East Tecumseh Street. Dkt. # 10-3.

The warrant affidavit for 2103 East Tecumseh Street contains the exact same information set forth in the warrant affidavit for 2102 East Tecumseh Street. Further, as in the 2102 East Tecumseh Street affidavit, the 2103 East Tecumseh Street affidavit does not make any reference whatsoever to 2033 East Tecumseh Street and omits all information related to that property, including the assertion that the "RCI stated Gordon Starks secrets [sic] /stashes his methamphetamine, cash, and/or firearms in the lot located at 2033 [East] Tecumseh Street." Rather, in the affidavit for 2103 East Tecumseh Street, Officer Turner asserts that, in April 2019, he "received information from an RCI that **Starks uses 2103 [East] Tecumseh Street as a 'stash' for illegal narcotics and money**." Id. at 2 (emphasis added). The affidavit also states that officers obtained and executed the search warrant for 2102 East Tecumseh Street, during which they located the house keys for 2103 East Tecumseh Street in defendant's pocket, as well as the keys for the Chevrolet Equinox that was parked in the driveway of 2103 East Tecumseh Street. Id. Further, the affidavit states that, on April 26, 2019, Officer Cox told Officer Turner that she had witnessed defendant travel back and forth between 2102 East Tecumseh Street and 2103 East Tecumseh Street within the 72 hours prior to preparing the affidavit. Id. Finally, the affidavit states that Officer Cox told Officer Turner that she had received information from a different confidential informant that defendant frequently uses 2103 East Tecumseh Street to store methamphetamine and money. Id.

Judge Miller issued the search warrant for 2103 East Tecumseh Street on April 26, 2019. Dkt. # 10-3. Pursuant to this search warrant, TPD officers searched the SUV parked in the driveway of 2103 East Tecumseh Street, and recovered illegal drugs. Dkt. # 10, at 1.

**II.**

"A search warrant must be voided and the fruits of the search suppressed where a court (1) finds that the affiant knowingly or recklessly included false statements in or omitted material information from an affidavit in support of a search warrant and (2) concludes, after excising such false statements and considering such material omissions, that the corrected affidavit does not support a finding of probable cause." United States v. Garcia-Zambrano, 530 F.3d 1249, 1254 (10th Cir. 2008) (citing Franks v. Delaware, 438 U.S. 154, 155-56 (1978)).

Defendant moves to suppress the illegal drugs recovered pursuant to the search warrant for 2103 East Tecumseh Street, arguing that Officer Turner included false statements in his search warrant affidavit for that address. First, the Court must determine whether Officer Turner included a false statement or omitted material information from the affidavit for 2103 East Tecumseh Street. The Court need not conduct an extensive analysis, because the presence of a false statement is apparent upon a review of the four corners of the affidavits for 2033 East Tecumseh Street and 2103 East Tecumseh Street. In his sworn affidavit for 2033 East Tecumseh Street, Officer Turner explicitly asserts that the "RCI stated Gordon Starks secrets [sic] /stashes his methamphetamine, cash, and/or firearms **in the lot located at 2033 [East] Tecumseh Street**." Dkt. # 10-5, at 2 (emphasis added). There is only one way to interpret this statement: that the RCI told Officer Turner that defendant stashes evidence of criminal activity in the lot located at 2033 East Tecumseh Street. According to this assertion, the RCI did not say that defendant stashes the evidence "in or around" or "near" the lot located at 2033 East Tecumseh Street. Rather, the statement is clear that the RCI provided Officer Turner with the precise address of defendant's "stash."

Two days later, however, Officer Turner prepared a sworn affidavit for 2103 East Tecumseh Street, in which Officer Turner edited the RCI's statement in order to "update[] the address of the 'stash' site." Dkt. # 12, at 10. In the affidavit for 2103 East Tecumseh Street, Officer Turner asserts that the RCI provided him with information that "**Starks uses 2103 [East] Tecumseh Street as a 'stash' for illegal narcotics and money**." Dkt. # 10-3, at 2 (emphasis added). Again, there is no ambiguity in this statement. This statement clearly suggests that the RCI provided Officer Turner with the precise address of defendant's "stash." The issue is that, according to Officer Turner's affidavit for 2033 East Tecumseh Street, the RCI identified 2033 East Tecumseh Street as defendant's stash location–not 2103 East Tecumseh Street. Accordingly, the Court finds that the affidavit for 2103 East Tecumseh Street falsely states that the RCI provided Officer Turner with information that Starks uses 2103 East Tecumseh Street to stash illegal narcotics and money.[2]

Next, the Court must determine whether Officer Turner made the false statement intentionally or with reckless disregard for the truth, rather than negligently. It is of particular importance that Officer Turner prepared both of these affidavits, and that he did so within two days of each other. Further, it is relevant that the RCI made his or her statement directly to Officer Turner. These facts suggest that Officer Turner was well aware, not just of the RCI's actual

---

[2]     Plaintiff's response to defendant's motion actually supports the Court's conclusion that the affidavit contains a false statement. Plaintiff asserts that the *actual* statement provided by the RCI to Officer Turner was that "Starks had a 'stash' location for drugs across the street from his house," and that Officer Turner "made an inferential leap" and "filled in the address of the 'stash' location." However, "[t]he affidavit's statement is no less a misrepresentation because it manipulates the facts subtly." United States v. Namer, 680 F.2d 1088, 1094 (5th Cir. 1982). Even if the Court were to accept plaintiff's explanation as true, the fact would remain that Officer Turner falsely presented the RCI's statement as if the RCI had identified the specific address of defendant's "stash" location. Accordingly, plaintiff's explanation for the contradictory statements does not make the statement any less false.

statement, but also of the fact that he had provided a different version of the RCI's statement in another affidavit two days earlier. Further, the edits that Officer Turner made to the RCI's statement are not minor. Rather, in the affidavit for 2103 East Tecumseh Street, the RCI identifies an entirely different address as the location of defendant's "stash" than he or she had allegedly identified in the affidavit for 2033 East Tecumseh Street. Moreover, it is important that the RCI's statement in each affidavit happens to line up with the address that is the subject of the warrant affidavit. Specifically, in the warrant affidavit for 2033 East Tecumseh Street, Officer Turner asserts that the RCI identified 2033 East Tecumseh Street as the "stash" location, and then in the warrant affidavit for 2103 East Tecumseh Street, Officer Turner asserts that the RCI identified 2103 East Tecumseh Street as the "stash" location. The Court is unable to find any explanation for Officer Turner providing a new version of the RCI's statement other than to increase the likelihood that the warrant would be issued. Thus, the Court finds that Officer Turner made the false statement, at the very least, with reckless disregard for the truth.

Finally, the Court must excise the false statement from the warrant affidavit, and determine whether the corrected affidavit supports a finding of probable cause. "Probable cause undoubtedly requires a nexus between suspected criminal activity and the place to be searched." United States v. Corral-Corral, 899 F.2d 927, 937 (10th Cir. 1990). As discussed, the affidavit for 2103 East Tecumseh Street contains facts that relate primarily to 2102 East Tecumseh Street. Accordingly, after excising the false statement from the affidavit, the affidavit is left with the following three assertions relating to 2103 East Tecumseh Street: (1) while conducting the search of 2102 East Tecumseh Street, officers located the house keys to 2103 East Tecumseh Street and the keys to a Chevrolet Equinox that was parked in the driveway of 2103 East Tecumseh Street; (2) Officer Cox

9

observed defendant travel back and forth between 2102 East Tecumseh Street and 2103 East Tecumseh Street within the 72 hours prior to Officer Turner preparing the search warrant; and (3) Officer Cox told Officer Turner that she had received information from a different confidential informant that defendant uses 2103 East Tecumseh Street to store methamphetamine and money.

First, the Court must determine how much weight to give Officer Cox's statement that she received information from a different confidential informant. The basis of a confidential informant's knowledge, as well as his reliability, are important factors in deciding whether information in an affidavit supports a finding of probable cause for a search. Illinois v. Gates, 462 U.S. 213, 233 (1983). However, "[w]hen there is sufficient independent corroboration of an informant's information, there is no need to establish the veracity of the informant." United States v. Danhauer, 299 F.3d 1002, 1006 (10th Cir. 2000). In this case, however, Officer Turner neither established the veracity of this second confidential informant, nor obtained sufficient independent corroboration of the informant's information. Thus, the Court finds that the second confidential informant's statement does not add any weight to the probable cause analysis. Accordingly, the remaining facts in the affidavit that relate to 2103 East Tecumseh Street are that defendant possessed the keys for that residence, as well as the keys for the car in the driveway of that residence, and that Officer Turner saw defendant traveling back and forth between 2102 East Tecumseh Street and 2103 East Tecumseh Street. However, these facts fail to establish any nexus between the alleged criminal activity and 2103 East Tecumseh Street. At most, these facts simply suggest that defendant had access to and entered 2103 East Tecumseh Street. The fact that defendant entered that house does not establish probable cause to believe that there is evidence of criminal activity inside of it. The Court finds that such information is insufficient to establish a nexus between the alleged criminal

activity and 2103 East Tecumseh Street. Therefore, the Court finds that, after excising the false statement from the affidavit, the corrected affidavit does not support a finding of probable cause.

Accordingly, the Court finds that defendant's motion to suppress should be granted.

**IT IS THEREFORE ORDERED** that defendant Gordon Bond Starks, Jr.'s motion to suppress evidence (Dkt. # 10) is **granted**. The evidence of illegal drugs recovered during the search of a black Chevrolet SUV parked in the driveway of 2103 East Tecumseh Street, Tulsa, Oklahoma on April 26, 2019 is hereby **suppressed**.

**DATED** this 2nd day of August, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE